**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 2:25-CR-00528-MKC |
| | : | |
| vs. | : | |
| | : | |
| CHARLES BRANCH | : | |

**DEFENDANT, CHARLES BRANCH'S RESPONSE TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Legal Argument

(I)    The Government's Reliance on the Tracker Order to Justify Entry Into the Howard Arthur Residence is Misplaced.

The government argues in its response that the tracker order permitted police to enter into the North Howard residence to secure the parcel and any occupants inside. The government is wrong. In United States v. Walker, 763 F.Supp 3d 664 (E.D. Pa. 2025) (Wolson, J.), a case relied on by the government, the District Court found problematic instances where tracker orders placed on vehicles permit entry into a home:

> "Third. It's not at all clear that the tracker order could have preemptively authorized a hit and hold, even if it were explicit. The premise of a hit and hold is that officers will intrude on a protected area, to some extent, to ensure the status quo while they go get a warrant. But implicit in all of this is that they still have to get a warrant. So, to justify a hit and hold, there must be some exigency that suggests the status quo is in jeopardy and there's no time to get a warrant. Officers can't just do it willy nilly. A court order that said

otherwise – that authorized officers to enter a protected space to maintain the status quo pending a warrant application without any immediate need – would be "so lacking indicia of probable cause as to render official belief in its existence entirely unreasonable".
(Emphasis Added) (citation omitted) Id. at 674.

The preceding language also shows the inapplicability of the 'good faith'

exception to the warrant requirement in the instant case.


Even the dictum in footnote 10 to Walker aptly points out:


"The Third Circuit has expressed concern over "hit and hold" procedures justified after the fact by an in progress warrant application: United States v. Alexander, 54 F.4th 162, 175 (3rd Cir. 2022) Trooper Mont's actions here – starting to apply for a warrant after conducting a hit and hold – is even more troubling"


(Emphasis Added) Id. At 674


It must be remembered that the police had ample opportunity to apply for an telephonic search warrant of the Howard Arthur Drive premises. As the HSI report notes, "at approximately 4:57pm that target vehicle was observed parking in front of a residence located at 13349 Howard Arthur Drive…" "At approximately 6:06pm the light sensor installed in the target parcel was activated indicating that the target parcel was opened". (See defendant's Motion at Exhibit "B"). Therefore, one hour and five minutes elapsed within which the police could have applied for a telephonic search warrant either under Pennsylvania or Federal Law. See, 234 Pa. Code R. 203(A), (C), and (F) (governing anticipatory search warrants by telephone); Fed. R. Crim Pro 4.1 (allowing U.S. Magistrate to issue search warrant via telephone or electronic communication). See also,

Missouri v. McNeely, 133 S.Ct. 1552, 1572 (2013) (holding that natural dispersion of alcohol in blood stream did not constitute per se exigency sufficient to justify a blood draw without a warrant). The instant case is the very embodiment of the Court's fears in Walker.

It is respectfully submitted that to permit vehicle tracking orders to allow warrantless entries into homes does an 'end run' around significant doctrines of Fourth Amendment Jurisprudence:

     1)     The 'exigent circumstances' requirement becomes a legal nullity as 'exigent circumstances' are presumed, if not automatic. In such scenarios, courts no longer are required or even permitted to engage in the fact sensitive analysis of whether 'exigent circumstances' are present to justify a warrantless intrusion into a home. See, Kentucky v. King, 583 U.S. 452, 460 (2011); United States v. Simmons, 661 F.3d 157-58 (2d Cir. 2011); DeMayo v. Nugent, 517 F.3d 11, 16(1st Cir. 2008); United States v. Coles, 437 F.3d 361, 370 (3rd Cir. 2006); United States v. Pierson, 219 F.3d 803, 806 (8th Cir. 2000). In short, the doctrine of exigent circumstances in this context becomes legally irrelevant. The only factual determinations to be made in such instances is whether the police conduct exceeded the scope of the tracker order. But if Walker is instructive suppression may not be a remedy for exceeding the scope of a tracking order. Therefore, a significant remedy for violations of the Fourth Amendment has been entirely abrogated.

     2)     The 'protective sweep' doctrine and all of its requirements also becomes a legal nullity under a rule where vehicle tracker warrants and orders permit incursion into homes. See, Maryland v. Buie, 494 U.S. 325 (1990); United States v. Rodgers, 924 F.2d 219, 222 (11th Cir. 1991). So too, under this context also does the doctrine of protective sweeps become legally irrelevant with home entries and searches left to the unfettered discretion of police. In short, 'hit and hold' is elevated to the status of a 'bright line' rule rather than subject to rigorous fact testing required under Buie and its progeny.

     3)     Even the assessment of probable cause (which is also required to justify a warrantless search of a home) becomes problematic where police cannot predict the final destination of a parcel and thus cannot adequately inform a neutral court as to the existence of probable cause for an unknown place. Essentially, the probable cause assessment is dispensed with in favor of a rule that permits 'hit and hold' incursions simply based on what is known by police at the time that the vehicle tracker warrant is sought. Such a scenario presents a draconian departure from established Fourth Amendment jurisprudence. It is almost a complete evisceration of the Fourth Amendment, and exactly what the court in Walker fears. See, Walker, at 674.

And the government's relance on <u>United States v. Baez</u>, 2025 WL 417355 (W.D. Pa. February 6, 2025) does not aid their position in part, because Baez engaged in evasive behavior when police arrived at his home and attempted to discard narcotics, thereby creating exigent circumstances <u>Id</u> at 28-29. Application of the 'inevitable discovery' doctrine also supported the Court's reasoning in <u>Baez</u> <u>Id</u>. 32-33. None of these facts are applicable to the instant case.

II)    <u>An Evidentiary Hearing is Required</u>

The government in its response claims that upon entry into the Howard Arthur residence that numerous items were viewed in 'plain view'. This is flatly denied and it is contended that police exercised a full search upon entry, notwithstanding the later application for a search warrant, to which it is suggested was purely ceremonial; an issue also hinted at footnote 10 in <u>Walker</u>. <u>See</u>, <u>Walker</u> at 674.   At any rate, application of the 'plain view' doctrine still requires that police observe the contraband from a place that they are legally entitled to be present. <u>See</u>, <u>Texas v. Brown</u>, 460 U.S. 730, 736 (1983). This was not the case here since vehicle tracker orders should not confer authority in themselves to enter a home. Assuming arguendo, that this court sustains the viability of tracker orders as a means of entering a home, an evidentiary hearing is still requested as the defense contends that the police conduct exceeded the scope of the tracker order.

**WHEREFORE**, for all of the foregoing reasons, the preceding reasons, the motion to Suppress Physical Evidence should be **GRANTED**.

Respectfully submitted,

By: _____
**LOUIS T. SAVINO, JR., ESQUIRE**
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

Louis T. Savino, Jr., Esquire being duly sworn according to law, deposes

and says that on the a copy of the within document was served upon the

following individuals:

**Honorable Mary Kay Costello**
*United States District Judge*
*United States District Court*
*for the Eastern District of Pennsylvania*
*7614 United States Courthouse*
*601 Market Street*
*Philadelphia, PA 19106*

**Meghan Claiborne Bisio, Esquire (AUSA)**
Office Of The United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

**Charles Branch**
Philadelphia FDC
Inmate No. 31582-512
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

By: _____

**LOUIS T. SAVINO, JR., ESQUIRE**
*Attorney for Defendant*